[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present matter comes before the court on the defendant's motion for judgment, dated February 11, 1994. This action, sounding in contract, was tried to the jury solely on the issue of damages pursuant to an insurance contract concerning underinsured coverage. Attached hereto is a transcript of the oral stipulation placed on the record outside the presence of the jury and prior to presentment of evidence to the jury.[1]
The case arose out of a motor vehicle accident wherein the party at fault had the minimum liability insurance of $20,000. Upon collecting that amount, the plaintiff brought the present action seeking further recovery in excess of the $20,000 from the CT Page 5547 defendant Insurance Company pursuant to the underinsured coverage section of the applicable insurance policy. The case was tried as a hearing in damages. The jury found for the plaintiff for $20,000, and the court accepted and ordered said verdict to be recorded.
The defendant has filed a Bill of Cost and, by the motion for judgment, claims that, in light of the aforementioned stipulation, judgment should enter for the defendant since the verdict is reduced to zero.
The plaintiff, on the other hand, claims that she is entitled to certain fees pursuant to General Statutes § 52-257. The plaintiff further claims that the offer of judgment filed by the defendant for $18,000 was less than the $20,000 verdict, and therefore provides no relief from payment of the plaintiff's cost pursuant to General Statutes § 52-195(b). General Statutes § 52-195b states in part:
 Unless the plaintiff recovers more than the sum named in the offer of judgment, with interest from its date, he shall recover no cost accruing after he received notice of the filing of such offer, but shall pay the defendant's costs accruing after he received notice."
The offer of judgment, without further explanation, is ambiguous. The court is unable to conclude, one way or the other, whether or not the offer, as made, was for the sum of $18,000 in addition to what the plaintiff had already received from the original wrongdoer, or a sum subject to further reduction because of some prior payments to the plaintiff from other sources. Without further information in this regard, the court is unable to determine the issue raised pursuant to the defendant's offer of judgment as provided in General Statutes §§ 52-194 and 52-195.
The court does find, however, that the verdict was for the plaintiff for $20,000. Since liability had been admitted, the jury made a determination of damages only. The stipulation of the parties did not go to the underlying determination of damages, but only to the question of payment or satisfaction of the damages as found. The stipulation made limited the recovery to $75,553.19. The court determines that amount was arrived at by deducting from the $100,000 insurance coverage the $20,000 and $4,446.81 base.
$100,000.00 CT Page 5548 24,446.81 ___________ $ 75,553.19
In other words, there was an agreed upon "cap". After deducting the $20,000 as a prior payment pursuant to the express stipulation, there is no further responsibilities on the defendant's part for payment on the verdict, and effectively the judgment is satisfied.
The verdict having been accepted and ordered recorded, judgment for the plaintiff should enter thereon. The court further finds that pursuant to the stipulation of the parties, the judgment is satisfied.
As to whether the defendant and or the plaintiff is entitled to an award of a Bill of Costs in view of the aforementioned offer of judgment by the defendant, the court reserves for further amplification by way of an offer of evidence or by stipulation.
Walsh, J.